In re: CONTIFINANCIAL CORPORATION,
Debtor.

Sharon A. Gimbi, Plaintiff–Appellant,

v.

Jeffrey H. Beck, Defendant–Appellee.

No. 08–2704–bk.

United States Court of Appeals,
Second Circuit.

July 2, 2009.

Sharon A. Gimbi, Beaver Meadows, PA, pro se.

Matthew I. Kramer, Bilzin Sumberg Baena Price & Axelrod LLP, Miami, FL, for Defendant–Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. DAVID G. TRAGER,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Sharon A. Gimbi, *pro se*, appeals the district court's dismissal, for failure to prosecute, of her appeal from a judgment of the United States Bankruptcy Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conclude that we lack jurisdiction to consider this appeal because Plaintiff–Appellant has failed to establish standing. Article III, Section 2 of the United States Constitution limits federal courts to deciding only cases or controversies, and thus, at a minimum, a plaintiff seeking relief in federal court must establish standing in order to bring suit. *See Baur v. Veneman*, 352 F.3d 625, 631–32 (2d Cir.2003).

To have standing, an individual must have: (1) suffered an "injury in fact"; (2) that is "fairly . . . trace[able] to the challenged action of the defendant"; and (3) "likely" to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted). A party seeking to invoke the jurisdiction of the federal courts bears the burden of establishing that she has standing. *See id.* at 561, 112 S.Ct. 2130; *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). We are generally "obligated to determine whether Plaintiff–Appellant has the requisite standing, since our jurisdiction to consider even specific parts of a case depends on it." *MacDonald v. Safir*, 206 F.3d 183, 188 (2d Cir.2000) (citing *United States v. Hays*, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction.")).

Here, Plaintiff–Appellant has not explicitly described a cognizable injury. Even assuming *arguendo* that her injury is the initiation of foreclosure proceedings, Plaintiff–Appellant has not demonstrated a causal link between that injury and any actions of debtor ContiFinancial Corporation or its subsidiaries, nor has she demonstrated that the injury could have been redressed by a favorable decision in ContiFinancial Corporation's bankruptcy action, as the record indicates that an unrelated entity was the owner of her mortgage at the time of the foreclosure action. *See Bennett v. Spear*, 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (noting that standing has not been established if injury was "the result of the independent action of some third party not before the

---

* The Honorable David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

court" (citing *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130)).

Accordingly, Plaintiff–Appellant lacks standing to bring this action, and the district court's dismissal of Plaintiff–Appellant's case is hereby **AFFIRMED.** Any pending motions are **DENIED** as moot or without merit.